UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

MARK ALLEN YOUNG,  No. 13-11303

Debtor(s).
_____/

Memorandum on Motion to Annul Automatic Stay
_____

    Mark Young and Ronald Goldin are domestic partners and are each debtors in separate bankruptcy cases filed and pending in this court. Young filed this Chapter 13 case first, on June 28, 2013. Goldin filed a voluntary Chapter 11 case on August 26, 2013; the case was converted to Chapter 7 and Timothy Hoffman appointed trustee on December 17, 2013.

    Because the financial affairs of Young and Goldin were intertwined, Hoffman determined that a quiet title action was necessary to determine the rights of the Goldin bankruptcy estate in certain real property. His counsel filed an adversary proceeding in this court seeking such relief on June 19, 2014, naming Young as a defendant along with Goldin's parents. Hoffman's counsel did not realize that Young was in bankruptcy at the time.

    Young was served with the summons and complaint on June 25, 2014, and with an alias summons two days later. He ignored them and failed to inform his counsel about them.

    Still not realizing that Young was in bankruptcy, Hoffman's counsel sought entry of Young's default, which was entered on August 27, 2014. Hoffman's counsel did not realize that Young was in bankruptcy until December 8, 2014, when he came across a copy of Young's bankruptcy petition in documents obtained by discovery from a third party.

    Believing that his adversary proceeding violated the automatic stay in Young's bankruptcy

1

case, Hoffman now seeks annulment of the stay pursuant to § 362(d) of the Bankruptcy Code in order to validate the actions he took before realizing Young was in bankruptcy. Young opposes, agreeing that the adversary proceeding is necessary to determine the rights of the parties regarding the real estate but arguing that the entry of his default was void and should remain void in order to give him the opportunity to assert his rights, even though he demonstrated no interest in those rights when he was served. There is some urgency to Hoffman's need for relief, since the trial of the matter is set before a recalled bankruptcy judge in two months.

Both Hoffman and Young have proceeded and argued as if Young's default is void as having been taken in violation of the automatic stay unless the court retroactively makes it good by annulling the automatic stay. However, the court is not so sure. Actions filed in the same bankruptcy court where the bankruptcy is pending do not violate the automatic stay. *In re Miller,* 397 F.3d 726, 730 (9th Cir. 2005); *In re North Coast Village, LTD.,* 135 B.R. 641, 644 (9th Cir. BAP 1992). Hence, it appears that no relief in needed to validate Young's default.

Assuming that relief is necessary, the equities require that it be granted. While annulment of the automatic stay should not be granted lightly or routinely, it is appropriate where the debtor has engaged in unreasonable conduct, especially where proceedings undertaken in reliance on that conduct may be prejudiced. *In re Williams,* 323 B.R. 691, 700 (9th Cir.BAP 2005), aff'd 204 Fed.Appx. 582 (9th Cir. 2006). Young's conduct in ignoring service upon him was unreasonable, and upsetting the pending trial would be prejudicial to both Hoffman and the court.

For the foregoing reasons, the court will enter an order providing that *to the extent the automatic stay applies at all* it is annulled as to the adversary proceeding. Counsel for Hoffman shall submit an appropriate form of order.

Dated: January 9, 2015

Alan Jaroslovsky
U.S. Bankruptcy Judge

2